DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADANAN JAVAN,** a/k/a **AJ JAVAN,** an individual,
**SINGER 5070, LLC,** a Florida limited liability company,
**SINGER 5070 2, LLC,** a Florida limited liability company,
**SEAWINDS 20D SOUTH, LLC,** a Florida limited liability company and
**SEAWINDS 10D SOUTH, LLC,** a Florida limited liability company,
Appellants,

v.

**SEAWINDS SOUTH CONDOMINIUM ASSOCIATION, INC.,**
a Florida not for profit corporation, **MARC R. CUTLER**, an individual,
and **KENNETH YESSIN,** an individual,
Appellees.

No. 4D20-2300

[August 25, 2021]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 502020CA007948.

John R. Sheppard, Jr., of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen, North Palm Beach, for appellants.

Lissette Gonzalez and Alexandra Valdes of Cole Scott & Kissane, P.A., Miami, for appellees.

### ON APPELLANTS' MOTION FOR REHEARING AND/OR CLARIFICATION

GERBER, J.

We grant appellants' motion for rehearing and/or clarification, withdraw our June 30, 2021 opinion, and substitute the following opinion.

We affirm without discussion the circuit court's order granting appellees' motion to dismiss appellants' complaint's count 1 paragraph 34(a) regarding the 2012 amendment's validity and referring that claim to mandatory nonbinding arbitration pursuant to section 718.1255, Florida Statutes (2019). *See* § 718.1255(4)(a), Fla. Stat. (2019) ("*Prior to the institution of court litigation*, a party to a dispute shall petition the [D]ivision

[of Florida Condominiums, Timeshares, and Mobile Homes of the Department of Business and Professional Regulation] for nonbinding arbitration.") (emphasis added); § 718.1255(1)(b)2.-3., Fla. Stat. (2019) ("As used in this section, the term 'dispute' means any disagreement between two or more parties that involves … [t]he failure of a governing body, when required by this chapter or an association document, to … [g]ive adequate notice of meetings or other actions … [or] [p]roperly conduct meetings ….").

However, to the extent the circuit court's written order inadvertently referred appellants' complaint's count 1 paragraph 34(b) and (c), as well as appellant's complaint's count 2, to mandatory nonbinding arbitration – contrary to appellees' hearing concession that those portions of appellants' complaint were not subject to mandatory nonbinding arbitration – we remand for the circuit court to enter a new written order, limiting its disposition of appellees' motion to dismiss to only appellants' complaint's count 1 paragraph 34(a) regarding the 2012 amendment's validity.

We further observe that, although appellees' motion to dismiss appellants' complaint raised other grounds, the circuit court has not entered a ruling on those other grounds, and thus our review of those other grounds would be premature. Therefore, we also remand for the circuit court to consider and rule on those other grounds.

*Affirmed in part, remanded in part with instructions.*

CONNER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

**No further motions for rehearing shall be filed.**

2